IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

TERRILL GOODS, SR.,                )
                                   )
        Plaintiff,                 )
                                   )        CIVIL ACTION NO. 1:25-00313
v.                                 )
                                   )
UNITED STATES OF AMERICA, *et al.*, )
                                   )
        Defendants.                )

## ORDER TRANSFERRING CASE

On May 12, 2025, Plaintiff, acting *pro se,* filed an Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), Motion for Appointment of Counsel (Document No. 2), and a Complaint seeking relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) (Document No. 4).[1] In his Complaint, Plaintiff names the following as Defendants: (1) United States of America[2]; (2) AUSA Andrew Spievack; (3) AUSA Elaine Leonhard; (4) James A. Daley, Jailer/Federal Lawyer; and (5) Combined Public Communications Phone Service Provider for County Jail, Ft. Thomas, Kentucky. (Document No. 4, p. 2.) Plaintiff alleges that Defendants violated his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Id., pp. 3 – 4.) As relief, Plaintiff requests monetary damages.[3] (Id., p. 4.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Although Plaintiff names the United States of America as a Defendant in the caption of the Complaint, Plaintiff does not name the United States under "The Defendant(s)" section or assert any allegations against the United States in the "Statement of Claim" section. (Document No. 4, pp. 1, 2, and 4).

[3] It appears that Plaintiff filed a similar *Bivens* action with this Court on July 1, 2024. *Goods v. Cox*, Case No. 1:24-cv-00326. As Defendants, Plaintiff named the following: (1) Daryl Cox; (2) Chase Cox; (3) AUSA Andrew Spievack; (4) AUSA Elaine Leonhard; (5) Judge David Bunning; (6) M. Shane Hall; (7) James A. Daley; and (5) Eric Eckes. (*Id.*) Plaintiff alleged that the foregoing Defendants violated his constitutional rights during his underlying criminal

In a <u>Bivens</u> claim, venue is established by 28 U.S.C. § 1391(b). <u>See</u> <u>Simpson v. Federal Bureau of Prisons</u>, 496 F.Supp.2d 187, 193 (D.D.C. 2007)(citing <u>Stafford v. Briggs</u>, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980)). Section 1391(b) provides as follows:

(b)    A civil action may be brought in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district which any defendant is subject to the court's personal jurisdiction with respect to such action.

Accordingly, Plaintiff's <u>Bivens</u> action may be heard in a venue where all defendants reside, or in the venue where the issue substantially arose.

Upon initial screening, Plaintiff appears to be challenging events that occurred during his criminal proceedings and incarceration in the Eastern District of Kentucky. Thus, "a substantial part of the events or omissions giving rise to the claim" occurred within the Eastern District of Kentucky.[4] Further, Plaintiff indicates that all Defendants reside in the Eastern District of Kentucky. Accordingly, the United States District Court for the Eastern District of Kentucky, is a proper venue with jurisdiction over Plaintiff's claims. <u>See</u> 28 U.S.C. § 1402(b). Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

proceedings (Case No. 2:22-cr-00017) in the United States District Court for the Eastern District of Kentucky. By Order entered on October 9, 2024, Case No. 1:24-cv-00326 was transferred to the Eastern District of Kentucky. (*Id.*)

[4] The undersigned notes that this Court has neither made a determination concerning the merits of Plaintiff's Complaint, nor has the Court ordered a response from the Defendants.

Pursuant to 28 U.S.C. § 1404(a) and in the interest of justice, this matter is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky, Covington Division, for further consideration. The Clerk is directed to transmit Plaintiff's file to the Clerk of Courts at the United States District Court for the Eastern District of Kentucky.

Plaintiff is hereby advised that this matter will be assigned a new case number and will be assigned to a new judicial officer by the Clerk's Office for the United States District Court for the Eastern District of Kentucky. The Clerk is directed to mail a copy of this Order to Plaintiff.

ENTER: May 13, 2025.

David A. Faber
Senior United States District Judge